STATE OF NEBRASKA, APPELLEE, V. DONALD GEORGE ELROY McDONALD, APPELLANT.

196 N. W. 2d 524

Filed April 20, 1972. No. 38099.

See 187 Neb. 752, 194 N. W. 2d 183, for original opinion.

Brock & Seiler, for appellant.

Clarence A. H. Meyer, Attorney General, and Harold S. Salter, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

SPENCER, J., dissenting.

I respectfully dissent to the court's failure, on the motion for rehearing, to consider the State's challenge to the requirement in NJI No. 14.52 which requires that a jury must find beyond a reasonable doubt that a defendant's confession was freely, voluntarily, and intelligently made. This instruction is based upon an erroneous statement in Parker v. State, 164 Neb. 614, 83 N. W. 2d 347.

The United States Supreme Court, in the recent case of Lego v. Twomey, Warden, decided January 12, 1972, 404 U. S. 619, 92 S. Ct. 619, 30 L. Ed. 2d 619, held that the hearing on the voluntariness of a confession required by Jackson v. Denno, 378 U. S. 368, 84 S. Ct. 1774, 12 L. Ed. 2d 908, is not designed to implement the presumption of innocence and enhance the reliability of jury verdicts, but to prevent the use of a coerced confession as violative of due process quite apart from its truth or falsity. The Court specifically found that there was nothing in In re Winship, 397 U. S. 358, 90 S. Ct. 1068, 25 L. Ed. 2d 368, which was inconsistent with this holding.

A confession or its voluntariness is not an element of the crime with which the defendant is charged. The purpose of a voluntariness hearing is not to implement the presumption of innocence but only to determine the confession's admissibility as evidence. It is difficult to understand why a different rule should pertain for the degree of proof necessary to decide the issue of voluntariness of a confession than the degree of proof necessary for the admission of other evidence, and no reason for this discrepancy has ever been advanced in a Nebraska decision. Strict rules pertain concerning search and seizure and also the giving of the Miranda warnings, yet proof of compliance with these rules need be only by a preponderance of evidence even though they pertain, as does the voluntariness of a confession, to whether the evidence was properly or wrongfully obtained.

The admissibility of a confession by a preponderance of the evidence is not a violation of a defendant's constitutional rights, but it certainly is in the public interest, especially in the present day and age.